PbaRsow, C. J.
 

 It is a general rule, that on a trial for homicide, evidence of the character and habits of the party killed, as to temper and violence, is not admissible. The State is not allowed to prove that he was a quiet, orderly citizen, nor is the prisoner allowed to prove that he was a violent and out-breaking man. The rule is based upon the ground that character is not involved in the issue, and consequently, evidence in regard to it, is immaterial. And there is this further consideration : such evidence is not only immaterial and irrelevant, as having no legitimate bearing upon the matter under investigation, but is calculated to mislead, by exciting the prejudices of the jury. For instance, if one kills, either on express malice, or malice implied, there being no justification, excuse or mitigation, the fact, that the party killed was a good or bad man, is immaterial. It is murder to kill on malice, no matter what sort of a man he is, and yet a jury would be more inclined to convict, if he was a good man, tiran if he was a bad one; and there is no telling the extent to which the prejudices of a jury may be excited, and how far they could be
 
 *384
 
 misled by evidence of this kind. It is therefore important to the due administration of the criminal law, that this well settled rule of evidence should not be relaxed.
 

 There may be exceptions to the rule.
 
 State
 
 v. Tackett, 1 Hawks 211, is admitted to be one; but we are not at liberty to enter into an investigation for the purpose of defining the principle on which exceptions may be allowed, or of fixing the limits; for the case now before us certainly comes within the operation of the general rule, arid it is sufficient to refer to
 
 Bottoms
 
 v.
 
 Kent,
 
 3 Jones Rep. 154;
 
 State
 
 v. Barfield, 8 Ired. Rep. 344, to show that the general rule is settled, both in civil and criminal proceedings.
 

 The deceased committed a violent assault upon the prisoner as he entered the room. This was legal provocation, and if the c,ase stopped there, the killing would be manslaughter, and the character of the deceased as a quiet, or violent man would be immaterial; but the case did not stop there, for the jury, under instructions of which the prisoner has no right to complain, find that he killed “of his malice aforethought,”— that he had formed the deadly purpose — prepared the weapon, and sought that particular time and place to do the deed. So the character of the deceased was immaterial. It is surely murder to kill with malice, express or aforethought, no matter how violent or wicked the deceased may be.
 

 His Honor laid down one proposition which we think too favorable to the prisoner, and it is referred to, lest it may mislead. It assumes that the prisoner “had prepared a deadly weapon with an intention to use it m case he got into a fight with the deceased, and went into the dining room for the purpose of meeting with the deceased, and with an expectation of having a conflict with him,” and the killing is held to be manslaughter. Rilling under these circumstances, would be murder, because of the preconceived malice, although the deceased made the first assault.
 
 State
 
 v. Martin, 2 Ire. Rep. 101.
 

 This opinion will be certified that further proceedings may be had according to law.
 

 EeR CuRIAm, Judgment affirmed.