## STATE v. RICHARD SMITH.

*Indictment--Homicide--Murder--Manslaughter.*

1. Homicide is murder unless attended with extenuating circumstances which must appear to the satisfaction of the jury, and if the jury are left in doubt on this point, it is still murder.

2. If A assault B, giving him a severe blow or other great provocation, and B strikes him with a deadly weapon and death ensues, it is *manslaughter*.

3. If the provocation from A is slight and B strikes, and it appear from the weapon used or other circumstance that B intended to kill A, or do him great bodily harm, and death ensues, it is *murder*.

4. On an indictment for murder, where it appeared that the prisoner and deceased were angrily quarreling and the deceased began to pull off his coat and prisoner being in striking distance started to draw his knife, when a by-stander interfered and carried him out of the house, and prisoner rushed back into the house asking where deceased was, who answered "here," both swearing, and thereupon prisoner ran at him and fatally cut him ; *Held*, to be murder.

(*State* v. *Ellick*, Winst. 56, cited and approved.)

INDICTMENT for Murder, tried at Spring Term, 1877, of MECKLENBURG Superior Court, before *Cloud, J.*

The case is sufficiently stated by MR. JUSTICE FAIRCLOTH in delivering the opinion of this Court. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General*, for the State.
*Mr. J. E. Brown*, for the defendant.

FAIRCLOTH J. Homicide is murder unless it be attended with extenuating circumstances which must appear to the satisfaction of the jury, and if the jury are left in doubt on this point it is still murder. If A assault B, giving him a severe blow or otherwise making the provocation great, and

B strikes him with a deadly weapon and death ensues, the law in deference to human passion says this is manslaughter.

If the provocation be *slight*, and it can be collected from the weapon used or any other circumstance that the prisoner intended to kill or do great bodily harm and death follows, it is murder. The violence flows rather from brutal rage than human frailty. Foster's Cr. Law, 291.

In the present case the killing is put beyond controversy, and there is no pretension that it is excusable or justifiable homicide.

The defendant requested His Honor to charge the jury, that if they believed the evidence it was manslaughter, and not murder. This was refused, and a verdict for murder was rendered. The prisoner and deceased were quarreling and using very angry words in the house, the deceased began to pull off his coat, and the prisoner started to draw his knife, being in striking distance of each other. A witness caught prisoner around the body and carried him by force out of the door four or five feet from where the prisoner was standing. Prisoner immediately rushed into the house with a knife drawn above his head and asked where was Sam Ross, (the deceased), who answered, " here," both swearing. Prisoner ran at deceased, caught him by the collar and cut him with the knife, from which he died. This is the material evidence on this point, and we think the case is embraced in the last proposition stated above from Foster.

The provocation was very *slight*, the attack was violent with a deadly weapon, taking the deceased at an undue advantage, without time to prepare for his defence or an even-handed chance. These circumstances show more than sudden passion. They point clearly to the *mala mens*.

In *State* v. *Ellick*, Winst. 56, words passed between prisoner and deceased who were sitting on the door sill, and prisoner got up, the deceased rose up and reached his hand inside the door and got a stick. As he was turning around with the

stick, the prisoner stabbed him with a bowie knife nine inches long. This was held to be murder. There was a greater provocation than here, and the disadvantage of the deceased was less.

We think the prayer was properly refused.

There is no error. Let this be certified to the end that the Court may proceed according to law.

PER CURIAM.                                    Judgment affirmed.