State vs. Labuzan.

## II.

## III.

## IV.

---

## No. 9465.

### THE STATE OF LOUISIANA VS. ANTOINE A. LABUZAN.

Evidence to establish prior threats is inadmissible unless proof be first given that there was an overt act of attack and that the defendant at the time of the collision was in apparent imminent danger.

| | |
|---|---|
| 37 | 489 |
| 45 | 846 |
| 37 | 489 |
| 46 | 804 |
| 37 | 489 |
| 47 | 30 |
| 37 | 489 |
| 111 | 210 |
| 37 | 489 |
| 113 | 730 |
| 113 | 802 |
| 37 | 489 |
| 120 | 134 |
| 37 | 489 |
| f124 | 1064 |

In the absence of proof of a hostile demonstration by the deceased, evidence of threats made against accused, to prove that the latter had a right to kill, is irrelevant.

No one has a right to kill another simply because he has made some threats against him.

Witnesses should not be cross-examined on the assumption that they have testified to facts, touching which they have given no testimony.

Where no foundation has been laid as to the quarrelsome disposition of the accused and the case does not present a single element of self-defense, questions: whether the witness is acquainted with the reputation of the deceased as being of a quarrelsome disposition, or otherwise, and whether that reputation was good or bad, are properly ruled out; the more so when there was shown no attack by the deceased and no disposition on his part which gave the accused reasonable ground to believe that he was about to be attacked.

A trial judge cannot be asked to charge the jury, in a criminal prosecution, as to what the law is in a case which is not before them, but totally differs from it. As well might he be called on to read to them the Civil Code and the Code of Practice, or the Institutes of Justinian.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee.

*J. G. Macmahon* and *J. M. Pratt* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The accused was indicted for murder and convicted without capital punishment. He appeals from the verdict and from the sentence condemning him to hard labor for life.

The record contains four bills of exceptions.

I.

The *first* one is to the refusal of the district judge to permit the accused to ask a State witness under cross-examination the following question:

"Do you know for whom the accused, Labuzan, voted for at that election, and whether Fisher did not threaten to fix those who voted against him?"

The witness had previously testified to the fact that the election referred to had taken place and that Fisher was a candidate at it.

The judge overruled the questions as improper and irrelevant.

He supplements the bill with the statement that the counsel for accused asked the witness: whether the "deceased had not threatened the accused," to which question the witness answered—(before the court had passed on the objection of the State) that he had not.

The judge further states that pursuing this same line of inquiry, counsel asked the witness whether, on the night before the killing, at an election of officers of the fire company to which deceased and ac-

cused belonged, the deceased had not threatened to fix anyone who should vote against him.

The judge observes that there was not even an attempt made to prove communicated threats of any kind.

The reasons assigned by the district judge justify the exclusion of the questions.

It is apparent, from his undisputed statement, that not only had not even an attempt been made to prove communicated threats of any kind, but that the witness on the stand had formally denied that the deceased had at all threatened the accused.

Evidence to establish prior threats is inadmissible, *unless* proof be first given that there was an overt act of attack and that the defendant, at the time of the collision, was in apparent imminent danger.

When evidence of threats made against an accused is offered to prove that the latter had a right to kill the deceased, there being no proof of a hostile demonstration by the deceased, the evidence is irrelevant. Wharton Cr. Ev. § 757.

No one has a right to kill another simply because he has made some threats against him. Wharton Cr. Ev. § 68; Ib. on Hom. 482, 606; 34 Ann. 1078; 33 Ann. 1087.

## II.

The *second* bill is to the refusal of the judge to allow, under similar circumstances, the following question to be put to the State witness, under cross-examination:

"Were you present at Dastilion's store on the night of December 3, 1884, when the deceased wanted to beat and assault the accused?"

The district judge ruled the question out, because it assumed that the witness had stated that Fisher wanted to assault and beat the accused, when he had given no such testimony, which even then could not have justified the killing.

The question was improper. Witnesses should not be cross-examined on the assumption that they have testified to facts touching which they have given no testimony. Such questions have a tendency to irritate, confuse and mislead the witness, the parties and their counsel, the jury and the presiding judge, and they embarrass the administration of justice.

## III.

The *third* bill is to the refusal of the judge to allow accused to ask a witness on his behalf whether he was acquainted with the reputation of the deceased as being of a quarrelsome disposition, or otherwise, and what was that reputation, good or bad.

---

The statement of the judge is uncontradicted that no foundation had been laid for the introduction of evidence as to the quarrelsome disposition of the deceased, and that the case did not present a single element of self-defense.

He adds: "There was shown no attack by the deceased and no disposition on his part which gave the accused reasonable ground to believe that he was about to be attacked. Not the slightest foundation was laid for the introduction of any proof of this kind. When it was offered no evidence had been produced showing, or even tending to show, that Fisher attacked the deceased, but quite the contrary."

Under such a state of things, the ruling was unquestionably right.

The *fourth* bill is to the refusal of the judge to give to the jury certain special charges which, even if they were in themselves correct, were properly refused as they referred to a condition of facts, touching which there was no evidence adduced which could have warranted the giving of the charges, or either of them.

The judge states specifically that there was no attack by the deceased on the accused, or any act on his part which gave the accused any ground to suppose he was about to attack him. Not the slightest foundation was laid for the giving of any such charge.

It is clear that a trial judge cannot be asked to charge the jury as to what the law in the abstract is, in a supposed case, which is not that before them, but which totally differs from it. As well might the judge presiding over the trial of a criminal prosecution be called on to read the Civil Code and the Code of Practice or the Institutes of Justinian to the jury, for their general information on the civil law now prevailing in this State, or that which was once in force in Rome.

Judgment affirmed.