## No. 1122.

### THE STATE OF LOUISIANA vs. ROBERT JANVIER.

In absence of proof of some overt act or hostile demonstration by deceased at time of killing, evidence of prior threats and dangerous character is irrelevant and inadmissible.

Although some testimony may have been given tending to show a hostile demonstration, yet, if it is improbable, inconsistent with all the proven facts and circumstances of the

case and considered by the judge as totally unworthy of credence, he is not bound to accept it as establishing the necessary foundation for the introduction of evidence of prior threats and character. He is the judge of whether such foundation has been laid and is necessarily vested with the discretion to ignore testimony which his reason refuses to believe. State vs. Ford, recently decided.

APPEAL from the Twenty-second District Court Parish of St. James. *Duffel*, J.

*M. J. Cunningham*, Attorney General, and *J. L. Gaudet*, District Attorney for the State, Appellee:

Testimony to establish that threats were made, is inadmissible, where it is not proved that they were communicated to the accused. State vs. Cluvallier, 36 Ann. 81 ; 33 Ann. 1344.

Evidence of the vicious or dangerous character of the deceased, is not admissible unless the proof previously administered, has laid the legal foundation for the admission thereof. State vs. Claude, et al. 35 Ann. 71; 35 Ann. 770; State vs. Jackson, 33 Ann. 1087; State vs. Birdwell, 36 Ann. 859.

*Robt. G. Dugué* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The appeal comes upon three bills of exceptions levelled at rulings of the judge excluding evidence of threats and of the dangerous character of the deceased.

The judge annexed a statement as part of each of the bills, by which we must be guided in determining the points involved. He says: "no overt act, no act of aggression, no hostile demonstration was proven to have been made by deceased against accused at the time of the killing."

From his careful statement of the facts and testimony in the case, we are satisfied his conclusion, as above stated, was well founded.

The mere fact that two witnesses had given testimony of an indefinite hostile demonstration, improbable in itself, inconsistent with all the proven facts and circumstances of the case, and which the judge, considered entirely unworthy of belief, did not constitute such proof as bound the judge to admit the testimony. He was the proper judge of whether the essential foundation for the admission of such testimony had been laid and, as we have lately said in the case of State vs. Ford, "that authority necessarily includes the discretion to ignore and not consider testimony which his reason refuses to believe."

It is elementary that, in absence of proof of some overt act or hostile demonstration, evidence of prior threats and of dangerous character of deceased, is irrelevant and inadmissible. State vs. Henderson, 33 Ann. 1087 ; State vs. Labuzan, recently decided.

Judgment affirmed.