STATE v. MITCHELL BYRD.

*Indictment for Murder—Self-Defence—Evidence—Instructions —Mitigation—Burden of Proof—Violent Character of Deceased—Threats.*

1.  Where, in the trial of an indictment for murder, there is an entire absence, even of a scintilla, of evidence of self-defence, it is not error to instruct the jury that there was no evidence tending to show that the killing was done in self-defence.

2.  Where, in the trial of an indictment for murder, the wilful killing has been admitted or proved beyond a reasonable doubt, the burden rests upon the prisoner of showing such facts as he relies upon in mitigation or excuse, and for such purpose he has the equal benefit of all the evidence in the case whether introduced by himself or by the State; but, though such mitigating facts be shown as will reduce the crime to manslaughter, the burden is still upon him to show such further facts as will excuse the homicide before he can be entitled to an acquittal.

3.  In the trial of one charged with murder, facts offered by the accused in mitigation or excuse need not be proved beyond a reasonable doubt but only to the satisfaction of the jury.

4   Where, in the trial of one charged with murder, the wilful killing is admitted or proved and there is no evidence of self-defence, testimony as to the violent and dangerous character of the deceased and of his threats against the accused is not admissible.

5.  On the trial of one charged with murder, evidence of threats by the deceased against the accused and of the violent character of the deceased is not admissible to show self-defence unless such character

STATE *v.* BYRD.

was known and such threa's communicated to the accused, except in cases where the evidence of the killing is entirely circumstantial.

INDICTMENT for murder tried before *Adams, J.,* and a jury at May Term, 1897, of MITCHELL Superior Court. The defendant was convicted of manslaughter and appealed.

*Mr. Zeb V. Walser, Attorney General,* and *Messrs. S. J. Errin* and *W. C. Newland* for the State.

*Mr. E. J. Justice,* for defendant (appellant).

DOUGLAS, J.: This is an indictment for murder resulting in a conviction for manslaughter. There were several exceptions to the exclusion of testimony tending to show the violent and dangerous character of the deceased and threats made by him against the prisoner, which were communicated to the prisoner. The prisoner also excepted to the charge of the Court that there was no testimony tending to show that the killing was done in self-defence. Upon the correctness of this charge depends the validity of the exceptions to the exclusion of evidence. After a careful examination of the testimony, we are unable to find any evidence, even a scintilla, tending to show self-defence. If there were any such evidence, its weight would be for the jury and not for the Court to determine; but, in its entire absence, it was proper for the Court to instruct the jury that there was no such evidence.

The killing of the deceased by the prisoner with a pistol, which is *per se* a deadly weapon, was directly proved by two witnesses and admitted by the prisoner. Such being the case, the burden rested upon the prisoner of showing such facts as he relied on in mitigation or excuse, and for this purpose he would have equal benefit of all the evidence in the case, whether introduced by himself or by the State. In the absence of any such evidence he would be deemed guilty of murder. Mitigating circumstances might reduce the crime to manslaughter, but even the burden would still

remain upon the prisoner of showing such further facts as would excuse the homicide before he would be entitled to an acquittal. *State* v. *Willis*, 63 N. C., 26; *State* v. *Ellick*, 60 N. C., 56; *State* v. *Johnson*, 48 N. C., 266; *State* v. *Haywood*, 61 N. C., 376; *State* v. *Smith*, 77 N. C., 488; *State* v. *Brittain*, 89 N. C., 481; *State* v. *Thomas*, 98 N. C., 599; *State* v. *Rollins*, 113 N. C., 722; *State* v. *Horn*, 116 N. C., 1037. The leading case of *Commonwealth* v. *York*, 9 Metc., 93, has a full discussion on the subject. But in all cases the wilful killing must be proved beyond a reasonable doubt, as up to this point the prisoner is always presumed to be innocent. Facts offered by the prisoner in excuse or mitigation need not be proved beyond a reasonable doubt, but only to the satisfaction of the jury.

As the killing was admitted, and there was no evidence of self-defence, we think the testimony as to the violent and dangerous character of the deceased and his threats against the prisoner, whether communicated or not, was properly excluded. Threats, even when made by a man of known violence of character, do not of themselves excuse or mitigate homicide, nor are they *per se* evidence of self-defence. The burden of the plea *se defendendo* being upon the prisoner, where there is no evidence the Court can so instruct the jury. Where there is evidence tending to show self-defence, such threats are admissible as tending to show the reasonable apprehension of immediately impending danger on the part of the prisoner. Under such circumstances the violent and dangerous character of the deceased can also be shown for the same purpose. One has the right to take the life of another if necessary to protect himself from death or great bodily harm, and the reasonable apprehension, which is a question for the jury when there is any evidence tending to prove it, is the legal test of the necessity. The fact that a weapon apparently deadly was really incapable of harm, such as an unloaded pistol, if unknown to the prisoner,

would not make him guilty. Where such reasonable apprehension is found to exist, the prisoner is not required to give his assailant the full opportunity of killing him, as this would destroy the right of self-defence by rendering it either unnecessary or impossible.

In exercising this inalienable right, well called "the first law of nature," the prisoner is necessarily compelled instantly to measure the danger in which he is placed and the degree of force required to repel the impending attack. This he must do from the size and apparent strength of his enemy, whether he is armed and in what manner, his feeling towards the prisoner, and his character as a fighting man. Here, his known character and communicated threats are material. The maudlin imprecations of an idle braggart will not produce the same impression upon a reasonable man as the cool and determined threats of a man known to be of desperate character and habitual violence of action. In *State* v. *Floyd*, 51 N. C., 392, in which such evidence is held admissible, occurs the celebrated expression of Chief Justice Pearson that "One cannot be expected to encounter a lion as he would a lamb." But where there appears no element of self-defence, and consequently no ground for immediate apprehension, these principles have no application. Therefore, testimony as to previous threats or violence of character would be neither material nor admissible.

From the weight of authority we are of the opinion that such evidence is admissible only in cases where there is other evidence tending to show self-defence, or where the evidence of the killing is entirely circumstantial and its attendant circumstances unknown. *State* v. *Tackett*, 8 N. C., 210; *State* v. *Tilly*, 25 N. C., 424; *State* v. *Scott*, 26 N. C., 409; *State* v. *Barfield*, 30 N. C., 344; *Bottoms* v. *Kent*, 48 N. C., 154; *State* v. *Hogue*, 51 N. C., 381; *State* v. *Floyd*, *supra;* *State* v. *Chavis*, 80 N. C., 353; *State* v. *McNeill*, 92 N. C., 812; *State* v. *Hensley*, 94 N. C., 1021.

STATE *v.* BYRD.

The rule as laid down in *Turpin's Case*, 77 N. C., 473, and frequently approved, is this: "Evidence of the general character of the deceased as a violent and dangerous man is admissible where there is evidence tending to show that the killing may have been done from a principle of self-preservation and, also, where the evidence is wholly circumstantial, and the character of the transaction is in doubt." We think that threats made by the deceased against the prisoner come under the same rule. If the threats are not communicated to the prisoner and the character of the deceased is unknown to him, such evidence is not admissible when offered only to show self-defence because facts of which the prisoner had no knowledge could have no effect upon his mind. *State* v. *Turpin, supra; State* v. *Hensley, supra; State* v. *Rollins, supra.* But, where the evidence is wholly circumstantial, testimony of the violent character and threats of the deceased, even if unknown to the prisoner, are admissible as tending to show the inherent probabilities of the transaction. *State* v. *Tackett, supra; State* v. *Hensley, supra.* In the latter case the syllabus appears to differ from the opinion. While this principle has been doubted in some cases, we think it is correct and its adoption the only way of reconciling apparently conflicting opinions.

The other exceptions were properly abandoned by the counsel, who have done their full duty by the prisoner, as is abundantly shown in the Court below by the verdict of manslaughter. The judgment is affirmed.

Affirmed.