# Gilmore v. The State.

## *Indictment for Murder.*

1. *Homicide; when threats by deceased admissible.*—On a trial under an indictment for murder, the evidence of prior threats made by the deceased against the defendant is not admissible for the defendant, unless some phase of the other evidence in the case would have been able to present a case of self-defense.

2. *Homicide; charge as to acquittal of defendant.*—On a trial under an indictment for murder, where the evidence without dispute

[Gilmore v. The State.]

shows that the defendant killed the deceased, and there was no phase of the testimony upon which to predicate self-defense, a charge given at the request of the State which instructs the jury that "if they believe the evidence beyond all reasonable doubt, they cannot acquit the defendant," is free from error.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

The appellant in this case, Richard Gilmore, was indicted for murder, was convicted of manslaughter in the first degree, and sentenced to 3 years in prison.

The facts of the case necessary to an understanding of the decision, and the present appeal, are sufficiently stated in the opinion. The defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same, as asked: "The court charges the jury that under the evidence in this case, you cannot convict him of murder in either degree."

ELLISON & THOMPSON for appellant.—The court erred in refusing to allow defendant to prove that the deceased had made threats against him. There were some phases of the testimony which when taken in conection with the threats, tend to show that the defendant acted in self-defense.—*Gafford v. The State,* 122 Ala. 54; *DtArman r. State,* 71 Ala. 351; 1st Mayfield Digest 839, §41.

MASSEY WILSON, Attorney-General for the State. The threats which the defendant offered to prove were made by the deceased against him are inadmissible in evidence.—*Jones v. State,* 116 Ala. 468; *Andrews v. State,* 134 Ala. 47.

DOWDELL, J.—The appellant was indicted and tried for murder, and was convicted of manslaughter in the first degree. On the trial the evidence by the State, and which was undisputed, showed that the defendant went into the back room of a store, where the deceased was at the time with several other persons, and that as

the defendant entered the room, the deceased asked one of the other parties whether he had heard about the defendant, Gilmore, stealing things from the Centreville Hardware Company, to which the person addressed replied, "No." The deceased then said, "well he did it." Thereupon the defendant said to the deceased, "You are a d——n liar." The deceased then said to the defendant, "You don't mean to call me a d——n liar, do you," and the defendant said, "Yes, you are a d——n liar," whereupon the deceased, who was sitting on a barrel, started to get up, and while in the act of getting up, and at the time facing the defendant, and as one of the witnesses testified, "reaching for defendant's throat," the fatal shot was fired.

The defendant offered no evidence, except that he offered to show previous threats made by the deceased, which on the objection of the State the court refused to allow, and to this ruling the defendant excepted .

In *Rutledge v. State,* 88 Ala. 89, the rule as to the admission of evidence going to show previous threats by the deceased, in trials for murder, was stated as follows: "That when any phase of the testimony would, if believed, present a case of self-defense, then the accused, using this aspect of the facts adduced as a predicate therefor, may go further, and strengthen it, by showing that the deceased had threatened him, or entertained ill feeling toward him, or that there had been difficulties between them; and a like doctrine obtains with respect to evidence of the violent character of the slain. Or to state the principle in a more con-crete form, the evidence adduced must have some tendency to establish the constituents of the right to destroy life that life may be preserved—which are, that the accused was without fault in bringing on the fatal rencounter; that he was in imminent peril, real or reasonably apparent, of loss of life or limbs; and that he could not, as the matter presented itself to him, retreat or avoid the combat with safety to himself—before any state of facts exist in the case upon which testimony of character, threats, ill feeling, etc., of the deceased, could shed any light. The theory of the rule is, that a

right to kill *can never be the* result of the violent, blood-thirsty disposition, until there are facts offered which go in some measure to establish the necessity to strike as the law defines that necessity, such evidence is patently irrelevant. These matters, in other words, are competent to give character to a necessity otherwise shown; and no such necessity being otherwise shown, there is an utter absence of the predicate upon which alone such qualifying evidence should be received." This doctrine was followed in the case of *Gafford v. State,* 122 Ala. 54, as well as in other cases.

On the undisputed evidence in the case before us, the defendant was not free from fault in bringing on the fatal rencounter. When he said to the deceased "You are a d——n liar," thus opposing insult to insult, which the law condemns rather than justifies, and the natural tendency of which was to bring on a difficulty, in the eye of the law, he was not free from fault, and this being the case, the plea of self-defense would not avail to excuse the killing. There being then no phase of the testimony upon which to predicate self-defense, under the authorities above cited, any evidence of previous threats made by the deceased against the defendant was irrelevant and inadmissible. The action of the trial court, therefore, in excluding evidence of threats was free from error.

On the evidence the jury might have found the defendant guilty of murder, and, therefore, the charge requested by the defendant was properly refused. The evidence being without dispute, the written charge given at the request of the solicitor, that if the jury "believe the evidence beyond all reasonable doubt you cannot acquit the defendant," was free from error. We find no error in the record, and the judgment must be affirmed.

Affirmed.