### STATE v. LESLIE HINES.

(Filed 2 June, 1920.)

**Homicide—Murder—Evidence—Self Defense—Threats.**

> Where the only evidence in a trial of murder is self-defense, a witness may not testify of previous threats of the deceased to take the prisoner's life in the absence of evidence that such had been communicated to the prisoner, or that he was aware thereof at the time of the homicide.

APPEAL from *Daniels, J.,* at August Term, 1919, of LENOIR.

The prisoner was convicted of murder in the second degree, and appealed from judgment thereon.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Shaw, Jones & Denton and Rouse & Rouse for defendant.*

CLARK, C. J. There is but one assignment of error presented. The prisoner by his testimony set up self-defense. The court excluded the testimony of Dr. Dempsey, witness for the defendant, that the deceased had threatened the prisoner, saying that she was going to kill him. The court excluded this upon the ground that "there was no evidence that the threat was communicated to the prisoner, and that he knew of it."

In *S. v. Blackwell*, 162 N. C., 682, the Court held, quoting from *S. v. Byrd*, 121 N. C., 684, that evidence of the general character of the deceased as a violent and dangerous man is admissible, when there is evidence that the killing was done in self-defense, and also where the evidence is wholly circumstantial and the character of the transaction is in doubt, saying: "We think that threats made by the deceased against the prisoner come under the same rule. If the threats are not communicated to the prisoner, and the character of the deceased is unknown to him, such evidence is not admissible when offered only to show self-defense, because facts of which the prisoner had no knowledge could have no effect upon his mind. *S. v. Turpin*, 77 N. C., 473; *S. v. Hensley*, 94 N. C., 1022; and *S. v. Rollins*, 113 N. C., 722."

However, the prisoner having been recalled, testified that she had threatened him, saying she was "going to kill him," and Dr. Dempsey, the same witness whose testimony had before been ruled out, was permitted to testify that "The deceased said she was going to kill him." When the testimony was ruled out, the court excluded it because "there was no evidence that the prisoner knew of it," but when the prisoner later testified, on being recalled, that the deceased made the threat, the same witness, Dr. Dempsey, was recalled, and allowed to testify in the language previously excluded, that "she said that she was going to kill him."

No error.