468 So.2d 1336 (1985)
STATE of Louisiana
v.
William L. DAY.
No. 84 KA 0621.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*1338 Ossie Brown, Dist. Atty. by Donald Wingerter, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Lenetta Romar, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before SHORTESS, EDWARDS and SAVOIE, JJ.
SHORTESS, Judge.
William Lawrence Day (defendant) was charged by bill of information with aggravated battery in violation of LSA-R.S. 14:34. He entered a plea of not guilty, was tried by a jury and convicted. The trial court sentenced him to five years in the custody of the Louisiana Department of Corrections.
Defendant brings this appeal urging six assignments of error:
1. The trial court erred when it sustained the State's objection to the introduction of a statement made by defendant.
2. The trial court erred when it overruled defense objection to hearsay testimony.
3. The trial court erred when it overruled defense objection to the admission of State Exhibit No. 1.
4. The verdict rendered is contrary to the law and/or the evidence.
5. The trial court erred when it failed to comply with LSA-C.Cr.P. art. 894.1.
6. The trial court erred when it imposed an excessive sentence.
Assignment of error number two was not briefed and is thereby considered abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983).
On December 6, 1982, defendant was observed beating a woman in the yard of a large Baton Rouge apartment complex. Sgt. Phillip Hilburn, an off-duty Baton Rouge city policeman who also resided in that complex, was called to the scene by another resident.
Hilburn testified that he approached defendant with his police identification badge displayed in his left hand; that he advised defendant that he was a police officer; that *1339 he ordered defendant to cease beating the woman; that defendant reached into his pocket, withdrew a set of brass knuckles and struck him on the arm; that defendant started to walk away, telling him that the incident was not his concern since the woman involved was his girlfriend; that he got a gun from his pocket and followed defendant; that as the distance between them widened to a point where use of the brass knuckles no longer presented an immediate threat, he put the gun back inside his pocket; and that he then armed himself with a one-by-four foot board which he broke into pieces to serve as a night stick.
A struggle between the two men ensued when Hilburn finally caught defendant near the top of an apartment complex stairway. In response to being struck in the left eye by the brass knuckles, Hilburn testified that he hit defendant with the stick he had fashioned; that defendant managed to take the stick away from him; that defendant struck him on the head causing him to fall back onto the sidewalk; and that he took out his gun and shot defendant as defendant stood over him with the stick drawn back.
Defendant was arrested at the scene after Hilburn notified the Baton Rouge City Police of the incident.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred when it excluded a voluntary statement made by him during the investigation of the incident. We find no error in the ruling as the statement was a self-serving declaration and was not a part of the res gestae.
During cross-examination of Corporal Robert Howle, the prosecutor's objection to defense questioning which sought to elicit the substance of a statement made by defendant to Howle was sustained following a hearing out of the presence of the jury.
The record reveals that after defendant was advised of his Miranda rights, he stated to Howle, "[Sgt. Hilburn] shot him for no reason at all." Defendant apparently intended to use the voluntary statement for its exculpatory value. This was an attempt to introduce evidence of an out-of-court statement to prove the truth of the matters asserted in that statement. The evidence falls within the definition of hearsay. See, State v. Glaze, 439 So.2d 605 (La.App. 1st Cir.1983).
Self-serving declarations by an accused, unless part of the res gestae, are not admissible in evidence. See, State v. Melerine, 236 La. 930, 109 So.2d 471 (1959); State v. Vernon, 197 La. 867, 2 So.2d 629 (1941).[1] In the instant case, the trial judge was clearly correct in determining that defendant's statement was indeed self-serving in nature, as it tended to characterize defendant as the guilt-free victim of an unprovoked attack by Sgt. Hilburn.
Defendant also contends that the evidence was admissible under the res gestae exception to the hearsay rule. LSA-R.S. 15:447, 448.[2] However, Louisiana jurisprudence has distinguished between admissible res gestae statements (excited utterances) and non-spontaneous narration after the event, with the latter being inadmissible as hearsay. See, State v. Huizar, 414 So.2d 741 (La.1982); State v. Williams, 331 So.2d 467, 470 (La.1976) and cases cited therein.
LSA-R.S. 15:447 specifically provides that res gestae includes spontaneous words or acts of the participants at the time of the occurrence, but "not the words of the participants when narrating the events." The res gestae exception permits admission of events speaking through participants, but not the testimony of participants speaking about events. State v. Williams, 331 So.2d at 470. In this case, *1340 defendant's utterance, although made in proximity to the criminal act, was a non-spontaneous account of the incident by a participant made after the event and is accordingly inadmissible hearsay.
There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial court erred by admitting into evidence State's Exhibit No. 1, which consisted of a set of brass knuckles. Defendant argues that a proper foundation was not laid for introduction of the brass knuckles. We disagree.
Demonstrative evidence can be admitted into evidence only after it is shown that, more probable than not, the evidence is connected with the case. That foundation can be laid by establishing a chain of custody of the evidence or by visual identification. Once that foundation is established, the weight to be given the evidence is a question for the jury. State v. Lucky, 453 So.2d 1234 (La.App. 1st Cir. 1984).
A review of the record shows that although a complete chain of custody was not established,[3] a visual identification of the brass knuckles was made, establishing a more-probable-than-not connection between the brass knuckles and the crime. Hilburn and a witness to the incident, Joey Messina, each testified at trial that State Exhibit No. 1 was "the same" as the set of brass knuckles observed in defendant's possession during the confrontation with Hilburn. Another witness, Brad Cavell, was even more emphatic in his identification remarking "that's them" when shown the set of brass knuckles.
Thus, the trial court did not err in admitting this evidence.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
Defendant argues the evidence presented was legally insufficient to convict him of aggravated battery as the State did not prove beyond a reasonable doubt that a battery was committed with a dangerous weapon. The standard for reviewing sufficiency of evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the essential elements of the crime were proven beyond a reasonable doubt. See, LSA-C.Cr.P. art. 821; State v. Walker, 447 So.2d 54 (La.App. 1st Cir. 1984).
In order to convict defendant of aggravated battery, the State must show that defendant intentionally used force or violence upon the victim; that the force or violence was inflicted with a dangerous weapon and that the dangerous weapon was an instrumentality used in a manner likely or calculated to cause death or great bodily harm. LSA-R.S. 14:2(3); 14:33; 14:34.
Hilburn testified at trial that after confronting defendant and ordering him to stop beating the woman, defendant responded by taking a set of brass knuckles from his pocket and striking him with the brass knuckles.[4]
Defendant does not argue that a set of brass knuckles does not constitute a dangerous weapon as defined by LSA-R.S. 14:2(3) or that an intentional use of force likely to cause great bodily harm was not described by Hilburn; but rather, that Hilburn's testimony alone was insufficient to establish the elements of the offense.
To the contrary, the testimony of the victim is sufficient to establish the elements of an offense. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984), writ *1341 denied, 449 So.2d 1347 (La.1984). The reliability of the victim's testimony is a matter of weight of the evidence. Determination of the weight to be given evidence is a question of fact for the trier of fact. State v. Johnson, 446 So.2d 1371.
Joey Messina and Brad Cavell, witnesses to the initial encounter, both testified that although they saw defendant remove a set of brass knuckles from his pocket, they did not see defendant strike Hilburn. Defendant's witness, John Fisher, who lived in the same apartment as defendant and saw the final struggle between Hilburn and defendant, characterized Hilburn as the aggressor. However, the trier of fact may reject in whole or in part the testimony of any witness. State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984), reversed in part on other grounds, 452 So.2d 1178 (La.1984). Thus we find the evidence, when viewed in the light most favorable to the prosecution, was sufficient to support the jury's determination that a battery was committed by defendant with a dangerous weapon.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 5 and 6
By these assignments, defendant contends that the trial court failed to comply with the statutorily mandated sentencing criteria of LSA-C.Cr.P. art. 894.1, and that in addition, it imposed an excessive sentence.
The statutorily prescribed penalty for aggravated battery is imprisonment with or without hard labor for not more than ten years and/or a fine of not more than $5,000.00. LSA-R.S. 14:34. The penalty actually imposed by the trial court was about one-half of the maximum assessable penalty.
The trial judge has wide discretion in the imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). Given compliance with the sentencing criteria of Louisiana Code of Criminal Procedure article 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment imposed to the crime committed, in light of the harm done to society. State v. Thomas, 432 So.2d 325 (La.App. 1st Cir.1983).
A review of the record in this case reveals that the trial judge carefully particularized the sentence, considering mitigating and aggravating factors as set forth in Louisiana Code of Criminal Procedure article 894.1 as they apply to defendant. The judge noted that defendant was young and that he might have a problem with substance abuse. Although this was his first felony conviction, defendant had a very extensive juvenile and criminal background which was detailed for the record. In this context, the trial judge considered that defendant had exhibited a dire need for correctional treatment in a custodial environment and that his conduct was such that the same or similar circumstances of violent conduct would likely recur if a suspended sentence or probation were imposed.
In summation, the record shows that the trial judge's articulation of reasons for sentence are more than adequate to meet the statutory criteria. The sentence imposed is well within the statutorily defined range, and appears neither grossly disproportionate to the severity of the crime nor imposed merely for the purposeless and needless imposition of pain and suffering.
Therefore, this assignment of error is without merit.
For the reasons stated, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] By contrast, hearsay testimony relating to a confession or an admission is admissible under a widely recognized exception to the hearsay rule. LSA-R.S. 15:449, et seq. See, e.g., State v. Walker, 344 So.2d 990 (La.1977).
[2] The prosecutor's objection at trial was grounded on the self-serving nature of defendant's statement, and it was on this basis that the trial court ruled the statement inadmissible. Neither the State, defendant, nor the trial court suggested the res gestae exception as an alternative exception to the hearsay rule although rejection of same may have been implicit in the trial court's ruling.
[3] Cpl. Robert Howle did lay a complete chain of custody from the point that he took possession of the set of brass knuckles, noting that he got them from an officer on duty at a store located at S. Choctaw and North Sherwood Forest Boulevard on December 7, 1982, the day after the incident. The brass knuckles were apparently brought to that store by Jimmy Wise, a friend of defendant who also witnessed the incident. Although subpoenaed by the State, Jimmy Wise did not appear for trial.
[4] Hilburn also testified that the final struggle began when defendant struck him several more times with the brass knuckles.