# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-30799
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2007

Charles R. Fulbruge III
Clerk

TORIANO JORDAN

Petitioner-Appellant

v.

TIM WILKINSON, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-344

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Toriano Jordan, Louisiana prisoner # 339011, appeals the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction for possession with intent to distribute cocaine. The district court granted Jordan a certificate of appealability on the issue of whether he received ineffective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal habeas relief may not be granted upon any claim that was "adjudicated on the merits in State court" unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) & (2); see Williams v. Taylor, 529 U.S. 362, 409 (2000).

While Jordan argues that his counsel was ineffective for not filing a motion to suppress, this argument is subsumed within his argument that his counsel failed to properly investigate his case. The district court denied this claim on the ground that Jordan had not shown that his counsel's failure to file a motion to suppress prejudiced him, and Jordan has not challenged this determination. Accordingly, Jordan has waived any independent claim that his counsel was ineffective for not filing a motion to suppress. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (appellant's failure to identify any error in the district court's analysis is the same as if the appellant had not appealed that judgment).

Jordan argues that his counsel was ineffective for not objecting to an allegedly improper and prejudicial comment made by the trial judge. The record, however, shows that the challenged comment by the trial judge was simply a statement that certain evidence was impeachment evidence made during a ruling on an objection, not a statement that Jordan had been impeached as a witness. Accordingly, the statement was not an improper comment on Jordan's testimony under Louisiana law. See State v. Vernon, 2 So. 2d 629, 632 (La. 1941). As any objection to the statement would have been futile, Jordan has not shown that his counsel was ineffective for not objecting or that the state court's denial of this claim was an unreasonable application of clearly established federal law. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994); § 2254(d)(1).

Jordan argues that his counsel was ineffective for not objecting to hearsay testimony. Given the overwhelming evidence against him, Jordan has not shown that there was a reasonable probability that the result of the trial would have been different had his counsel objected to the hearsay evidence. See Green v. Johnson, 160 F.3d 1029, 1040 (5th Cir. 1998). Accordingly, Jordan has not shown that his counsel was ineffective for not objecting to hearsay testimony or that the state court's denial of this claim was an unreasonable application of clearly established federal law. See id.; § 2254(d)(1).

Jordan asserts that his counsel was ineffective for not informing him of his correct sentence exposure if he went to trial and not advising him to plead guilty. Relatedly, he argues that his counsel was ineffective for not investigating the case properly and learning that the evidence against him was overwhelming. At the state habeas corpus hearing, however, the prosecutor testified that he informed Jordan of his correct sentence exposure during plea negotiations, and Jordan's counsel stated that he thought he had properly informed Jordan. Given this testimony, Jordan has not shown that the state court's denial of this claim was based upon an unreasonable interpretation of the facts. See § 2254(d)(2). As we are reluctant to consider the failure of an attorney to advise his client to plead guilty deficient performance, Jordan has not shown that the state court's denial of this claim was an unreasonable application of clearly established federal law. See United States v. Faubion, 19 F.3d 226, 230 (5th Cir. 1994); § 2254(d)(1).

AFFIRMED.