## BLOOM *v.* STATE.

Opinion delivered June 30, 1900.

1. VENUE—CIRCUMSTANTIAL EVIDENCE.—Proof that the cattle alleged to have been stolen ranged in the county of the venue late in September, and that early in October defendant sold them in another county, is sufficient proof of the venue to support a conviction. (Page 337.)

2. INSTRUCTION—CREDIBILITY OF WITNESS.—An instruction to the jury that "if you believe that any witness has sworn falsely as to any material fact, you are at liberty to disregard his entire testimony, or you may receive that portion you may believe to be true, and reject that you may believe to be false," is erroneous, as it is only where the jury believe that a witness has wilfully sworn falsely that they are at liberty to disregard his entire testimony. (Page 337.)

Appeal from Lonoke Circuit Court.

J. E. GATEWOOD, Special Judge.

*Jas. A. Gibson* and *John F. Park*, for appellant.

The evidence fails to prove the venue as laid in the indictment. This allegation was material, and the state is required

to prove it.  8 Ark. 406; *ib.* 455; 13 Ark. 110; **16** Ark, 505; 25 Ark. 435; 30 Ark. 41; 35 Ark. 389; 56 Ark. 244; 58 Ark. 396; 20 Ark. 174; 62 Ark. 499; 55 S. W. 15; 17 S. W. 5. The court erred in giving the fourth instruction asked by the state, upon the weight to be given to the evidence of a witness guilty of false swearing.  56 Ark. 244.  The false swearing must be *wilful.*

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for appellee.

The venue was proved.  Venue may be proved by circumstantial evidence.  118 Mass. 1, 2, 6; 42 Ark. 73–77; 10 Mass. 154; 11 Vt. 650; 29 Ark. 293.  The omission of the word "wilfully" in the fourth instruction did not prejudice appellant.

HUGHES, J.,  The appellant was indicted in Arkansas county for the larceny in that county of four steers.

Appellant contends that there is no proof of the venue as laid in the indictment.  There is no direct proof that the steers were stolen in Arkansas county, but there is circumstantial evidence that they were stolen in that county.  The testimony tends to show that they ranged thirteen miles southeast of Stuttgart, in Arkansas county, and were in charge of P. W. Turley; that they were missed from their range the latter part of September, and were sold in Lonoke county 2d of October following.  Venue may be proved, like any other fact, by circumstantial evidence, as well as by direct testimony, by a preponderance of the evidence.  3 Rice on Evidence, 345; *Com.* v. *Harmon,* 4 Pa. St. 269; *Wilder* v. *State,* 29 Ark. 293; *Wilson* v. *State,* 62 Ark. 497.

The question as to the identity of the person who sold the cattle in Lonoke county with the defendant was raised in the evidence, and this was a question for the jury.  While there seems to be some conflict as to this, we could not disturb the verdict in any respect upon the evidence, which tended to support the verdict.

In declaring the law in the case, the court said to the jury:  "If you believe that any witness has sworn falsely as to any material fact, **you are at liberty to disregard his entire**

testimony, or you may receive that portion you may believe to be true, and reject that you may believe to be false." This was excepted to by defendant, and is insisted on as error in his motion for a new trial. The instruction is erroneous and prejudicial, according to the decision in the case of *Frazier* v. *State*, 56 Ark. 244, which holds that, before you can disregard the testimony of a witness for false swearing, the false swearing must be wilfully done. In the case of *Frazier* v. *State*, 56 Ark. 244, in passing on an instruction similar to the one under consideration, this court said: "False swearing as to a particular fact warrants a jury in discrediting the entire testimony of a witness only when it is wilful, and the instruction is incomplete in omitting this. Moreover, the instruction might be construed as warranting a jury in disregarding testimony which it believed to be true, if it emanated from a witness who had sworn falsely to some other fact. Thus construed, it does not reflect the law; for, although a witness is found to have wilfully testified falsely to a material fact, the jury will not be warranted in disregarding other parts of his testimony which appear to be true."

For the error in giving this instruction, the judgment is reversed, and the cause is remanded for a new trial.