BULLOCK *v.* STATE.

4279                                                    167 S. W. 2d 633

Opinion delivered January 25, 1943.

*Alfred Featherston,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

CARTER, J. The appellant was convicted of the crime of assault with intent to kill and was sentenced to serve two years in the state penitentiary. The assault was by cutting with a knife.

The only error complained of was the refusal of the trial court to give an instruction which was requested by the defendant.

The defendant contended that the assault was committed in necessary self-defense.

At the close of the testimony the defendant made no request for instructions. The court thereupon instructed the jury, and of its own motion gave the following instruction on the subject of self-defense:

"If you find from the testimony in this case that the defendant, or either of them, honestly and in good faith believed that the prosecuting witnesses, or either of them, was about to kill him or inflict great bodily harm, and you further find that the defendant, or either of them, without fault or carelessness on his part, cut the prosecuting witness, or witnesses, at a time when he honestly believed, acting as a reasonable person, that such prosecuting witness was about to kill him, or do him some great bodily harm, then you should acquit the defendant."

When the court had completed instructing the jury the defendant requested the following instruction which the court refused to give, and the transcript indicates that this refusal was based upon the fact the request was made after all the other instructions had been given. The refused instruction reads as follows:

"In determining the question of whether or not defendant, Harrison Bullock, acted in his own necessary defense you will consider the situation as it then appeared to him and not as it now appears to you."

The refusal of this instruction was not prejudicial error. The court had told the jury to acquit the de-

fendant if it found that he cut the prosecuting witness at a time when he honestly believed, acting as a reasonable person, that the prosecuting witness was about to kill him or inflict great bodily harm upon him. The jury could not have been confused about the time at which this belief must have been held by the defendant.

The jury could not have been under the impression that the defendant's guilt or innocence depended upon the jury's present view as to whether the defense was necessary. The question submitted was whether the defendant acting honestly and in good faith and without fault or carelessness on his part, *at the time* honestly believed he was in danger of death or other great bodily harm.

The requested instruction added nothing to what the jury had already been told. See *Lee* v. *State,* 72 Ark. 436, 81 S. W. 385.

The instruction requested is not in proper form. It is true, as held in *Smith* v. *State,* 59 Ark. 132, 26 S. W. 712, 43 Am. St. Rep. 20, that it is not essential that it should appear to the jury that self-defense might have been necessary. But it is also true, as held in *Lee* v. *State, supra,* that it is necessary that the defendant should not have been negligent in reaching his conclusion and that he must act without fault or carelessness on his part. The instruction requested by the defendant in this case does not require the jury to consider whether or not the defendant reached his conclusion honestly and without fault or carelessness on his part.

The judgment is affirmed.