## Gary L. AVERY *v.* STATE of Arkansas

CR 80-195                                    609 S.W. 2d 52

Supreme Court of Arkansas
Opinion delivered December 22, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *C.R. McNair, III*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of second degree murder for the death of his 80 year old father and

sentenced to 20 years imprisonment. He interposed the defense of not guilty by reason of insanity.

Appellant first asserts that the trial court erred in excluding the testimony of Dr. Charles Avery, appellant's first cousin, as to appellant's mental condition. Dr. Avery, a general practitioner, was presented as a nonexpert witness. See Ark. Stat. Ann. § 28-1001, Rule 701 (Repl. 1979). Appellant's counsel asked him what his opinion was of the appellant's mental condition on different occasions. To each question the state objected and the objections were sustained by the trial court. Appellant contends it was reversible error to exclude this testimony because it was relevant evidence and an important link in the chain of evidence establishing his insanity defense since Dr. Avery had contacts with appellant at crucial times when the other experts called to testify did not.

It is well established that a nonexpert witness may testify as to the sanity of a defendant if a proper foundation is laid; however, the trial court should exclude the opinion testimony of a nonexpert witness whose association with the accused and opportunities for observation for a sufficient length of time are not adequately shown. *Little* v. *State*, 261 Ark. 859, 554 S.W. 2d 312 (1977); *Raprich* v. *State*, 192 Ark. 1130, 97 S.W. 2d 429 (1936); and *Davis* v. *State*, 182 Ark. 123, 30 S.W. 2d 830 (1930). The trial judge will be reversed only if he has abused his discretion in passing upon the preliminary question of competency. *Raprich* v. *State, supra.* See also Rule 701, supra.

Here, Dr. Avery observed the appellant one time, the night of November 7, 1978, when appellant was committed to the state hospital. The next time he saw appellant was a year later or on the date of the alleged offense when he was examining appellant's father in the hospital. While appellant was in jail, he talked to him by phone and prescribed medication for his nerves. Dr. Avery did not consider the telephone call or the brief contact at the hospital to be examinations. We cannot say that the trial court abused its discretion in excluding the opinion of the nonexpert witness.

The appellant also questions the sufficiency of the evidence. He argued that the state failed to prove the elements of second degree murder. Ark. Stat. Ann. § 41-1503 (Repl. 1977). He insists that his acts did not constitute murder but a bizarre and irrational act on the part of an emotionally unstable person. In essence, appellant is rearguing his insanity defense, urging that if he killed his father, he did not do so with the degree of rationality inherent in the term "purposeful" or "knowing" conduct, citing Ark. Stat. Ann. § 41-203 (Repl. 1977). Appellant recognizes that this court, upon reviewing the evidence as to a defense of insanity, will not attempt to determine where the preponderance of the evidence lies, but will affirm the judgment if there is substantial evidence to support the verdict. *Campbell* v. *State*, 265 Ark. 77, 576 S.W. 2d 938 (1979).

Here, appellant, 36 years old, was living with his elderly parents. His mother testified that upon arriving home in the early morning hours, about 3 a.m., December 23, 1979, appellant began arguing with them about not having had a door repaired. The appellant began beating his father with his fists, then hit his mother over the head with a mop handle. He then pulled the mattress on top of his father and jumped up and down on it. He tore his father's underwear off and again jumped on the mattress. His mother interceded and shortly after her husband "fell over to one side." Appellant them attempted to revive his father with mouth-to-mouth resuscitation, but he was pronounced dead on arrival at the hospital. The medical evidence was that the deceased had suffered multiple bruises and contusions of the chest and hands and a brain contusion and hemorrhage. Cause of death was asphyxia due to compression of the chest and obstruction of the respiratory passages. There was other testimony that appellant had physically abused his parents for about two months. Appellant testified his father had fallen, pulling the mattress off the bed onto himself, and appellant accidently stepped on it while trying to remove it from his father.

Appellant's estranged wife, his father-in-law, mother-in-law, and his mother testified to appellant's strange and aberrant behavior on different occasions expressing the opinion there was something wrong with him. A psychiatrist

testified that he diagnosed appellant as suffering from paranoia schizophrenia. Appellant testified that sometimes he did not know the difference between right and wrong. Other than this testimony, there was no testimony that appellant lacked capacity, as a result of mental disease or defect, to conform his conduct to the requirements of law or to appreciate the criminality of his conduct, the elements of legal insanity. Ark. Stat. Ann. § 41-601 (Repl. 1977). A clinical psychologist called by appellant testified he suspected appellant was a latent schizophrenic, that he was highly disturbed and potentially dangerous, but this witness had not made a determination of legal insanity because he had not been consulted for that. A state hospital psychiatrist considered appellant to be without psychosis and to possess the capacity to conform his actions to the requirements of the law and to have an adequate appreciation of the criminality of his conduct at the time he examined appellant. He agreed appellant needed treatment for a personality disorder.

The issue of insanity and culpability was a fact question for the jury to resolve. There is amply substantial evidence to uphold the jury's verdict that appellant knowingly caused his father's death under circumstances manifesting extreme indifference to the value of human life.

Affirmed.

PURTLE, J., not participating.