Melvin HALL *v.* STATE of Arkansas

CR 84-205                                    689 S.W.2d 524

Supreme Court of Arkansas
Opinion delivered May 13, 1985

*Gary Vinson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Melvin Hall, appeals from his life without parole sentence for the capital murders of Jimmy and Gloria Owens. He raises four points of error, none of which have merit.

It was alleged and admitted that in the early hours of October 5, 1983, Hall entered the Owenses' mobile home and shot and killed them both. Mrs. Owens was appellant's former wife. The defenses of voluntary intoxication and mental disease or defect were raised as both full and partial defenses.

The state offered evidence of threats by appellant toward the victims for several months prior to their deaths. Appellant offered proof of emotional problems throughout his life which, he claimed, became increasingly worse when his wife left him and shortly thereafter married Jimmy Owens, in July, 1983.

## I

Appellant maintains the trial court should not have allowed the state to "death qualify" the jury. We considered and

rejected that argument in *Rector v. State*, 280 Ark. 385, 659 S.W.2d 168 (1983); *Miller v. State*, 280 Ark. 551, 660 S.W.2d 163 (1983); *Hendrickson v. State*, 285 Ark. 462, 688 S.W.2d 295 (1985).

## II

Appellant also objects to the exclusion of four evidentiary items, three were intended to show appellant's state of mind and one was offered as a lay opinion of appellant's sanity.

The three excluded items were: 1) testimony by Roger Hall, appellant's cousin, that he told appellant he had overheard a conversation between his wife and Gloria that Gloria was having an affair; 2) testimony by one of appellant's sons that he told appellant about a conversation he overheard between Gloria and her new husband in which they laughed about the fact that Gloria told appellant he couldn't have custody of the younger son; 3) testimony by Roger Hall about a letter appellant had read the day before the killing which described an incestuous relationship between Roger Hall's niece and her stepfather which had upset the appellant when he read it.

The trial court sustained the objections to these offers of evidence on the basis of hearsay, which was incorrect. Appellant argues the evidence is admissible under Unif. R. Evid. 803(3) as an exception to the hearsay rule to show the *declarant's* existing mental state, which was not the purpose of the offered evidence. Rather, the evidence in question shows its effect on the *listener* and is not offered to prove the truth of the matter stated. Such evidence is not hearsay and is admissible.

Some Out-of-Court Utterances Which Are Not Hearsay. . . . *Utterances and writing offered to show effect on hearer or reader*. When it is proved that D made a statement to X, with the purpose of showing the probable state of mind thereby induced in X, such as being put on notice or having knowledge, or motive, or to show the information which X had as bearing on the reasonableness or good faith or voluntariness of the subsequent conduct of X, or anxiety, the evidence is not subject to attack as hearsay. . . . McCormick on Evidence, § 249, (3d Ed. 1984), pp. 733-34.

This court has addressed this problem in *Morrison* v. *Lowe*, 267 Ark. 361, 590 S.W.2d 299 (1979):

> The plaintiffs, at the beginning of their proof, sought to show how the relations between the two families had deteriorated, but the court allowed that proof to include hearsay. It would have been permissible, for example, for the plaintiffs to testify that they had been told of threats made against their lives by the defendants. See *Lee* v. *State*, 72 Ark. 436, 81 S.W. 385 (1904); McCormick on Evidence, § 249 (2d Ed. 1972). Such testimony, although hearsay if offered to prove that the threats had in truth been made by the Morrisons, would nevertheless be admissible, with a proper limiting instruction to the jury, to show that the plaintiffs had reason to be afraid of the defendants and acted in self-defense in the shootout that took place.

However, though it was error to sustain the objection on the grounds of hearsay, the ruling was harmless. The exclusion of evidence cannot be considered prejudicial if the same evidence is introduced by another witness and was before the jury for its consideration. *Mackey* v. *State*, 279 Ark. 307, 651 S.W.2d 82 (1983). The rejected evidence was substantially presented by some other witness and the record is replete with testimony about appellant's state of mind and his response to his wife's relationship with Jimmy Owens. The exclusion of a minor aspect of the proffered testimony to the same effect is not sufficient to prejudice appellant in light of the other evidence presented, and he makes no showing as to how prejudice could have occurred.

The fourth claim of error was the exclusion of testimony by Roger Hall that appellant would not have been in his right mind to commit this offense. To this point we said in *Avery* v. *State*, 271 Ark. 584, 609 S.W.2d 52 (1980):

> It is well established that a nonexpert witness may testify as to the sanity of a defendant if a proper foundation is laid; however, the trial court should exclude the opinion testimony of a nonexpert witness whose association with the accused and opportunities for observation for a sufficient length of time are not adequately shown. (Citations omitted.) The trial judge will be reversed only if he has abused his discretion in passing upon the preliminary question of competency. . . .

Here, Dr. Avery, [cousin of appellant and a general practitioner who was presented as a nonexpert witness] observed the appellant one time, the night of November 7, 1978, when appellant was committed to the state hospital. The next time he saw appellant was a year later or on the date of the alleged offense when he was examining appellant's father in the hospital. While appellant was in jail, he talked to him by phone and prescribed medication for his nerves. Dr. Avery did not consider the telephone call or the brief contact at the hospital to be examinations. We cannot say that the trial court abused its discretion in excluding the opinion of the nonexpert witness.

The state argues the evidence lacked a proper foundation, that appellant was attempting to prove his mental state on the night in question, not his general mental health and there was nothing in Roger Hall's testimony to show he was well situated the night in question to give such an opinion. We disagree with that contention.

■ Hall testified he and appellant were cousins and good friends; the two had known each other for many years. On *that* basis he was competent to say appellant's behavior was not right on the night of the murders. It was not necessary for him to have observed appellant that night to give an opinion as to his mental state. Roger Hall's association with appellant contrasts to the lack of foundation described in *Avery, supra.*

The trial court excluded the testimony because Roger Hall was not an expert, and under *Avery* this is error if a sufficient foundation had been laid, which was provided here. However, as the state points out, there was extensive coverage of appellant's sanity on the night in question and he has not shown in the face of that cumulative evidence how he was prejudiced by the exclusion of one opinion from a nonexpert witness on the same issue. *Mackey* v. *State*, supra.

## III

The jury was instructed on capital murder, first degree murder, second degree murder and manslaughter. Relying on *Couch* v. *State*, 274 Ark. 29, 621 S.W.2d 694 (1981), appellant argues it is improper to give an instruction on both capital and first degree murder in a double murder prosecution and the trial

court should not have given the first degree murder instruction over his objection. He contends the elements of premeditation and deliberation are the same in both offenses, the only difference being that with capital murder, two people are killed. Appellant claims because the two instructions are confusing the jury may have felt compelled to find the appellant guilty of capital or first degree, rather than of second degree murder.

In *Couch*, factually very similar to this case, the trial court gave instructions on capital murder, second degree murder and manslaughter. On appeal we did not consider whether it would be error to *give* a first degree instruction, but whether the *refusal* of a first degree instruction was error. We upheld the denial of a first degree instruction because there was no evidence to support it. Hence, *Couch* is not authority for the proposition appellant is advancing.

While there are similarities in the capital and first degree murder instructions, we are not persuaded that works to a defendant's prejudice, or that the giving of both instructions somehow deters a jury from choosing second degree murder. Unquestionably the state was entitled to the capital murder instruction and that being so, the giving of the lesser degree instructions could only work to appellant's advantage, as we have often noted. *Wilson* v. *State*, 271 Ark. 682, 611 S.W.2d 739 (1981); *Cromwell* v. *State*, 269 Ark. 104, 598 S.W.2d 733 (1980). We rejected similar reasoning in *McLemore* v. *State*, 274 Ark. 527, 626 S.W.2d 364 (1982), where McLemore objected to a second degree instruction, preferring only a first degree instruction. We said, "Further, it appears here that the alternate theories would be to the appellant's advantage inasmuch as it provided the jury with double opportunity to find the appellant guilty of the lesser offense. Appellant has demonstrated no prejudice."

In any event, it is not necessary to decide if this was error on the facts of this case. It is conceivable the jury could have found appellant guilty of the first degree murder of one victim and of the second degree murder of the other, providing the trial court with some basis upon which to give the instruction. Where there is even the slightest evidence to warrant an instruction, it is error to refuse it. *Robinson* v. *State*, 269 Ark. 9, 598 S.W.2d 421 (1980).

## IV

Appellant submits there was insufficient evidence to convict him of capital murder in the face of evidence presented by the expert testimony. He contends the jury could not have concluded he acted with premeditation and deliberation because the expert's testimony was undisputed on this point. We disagree. The state's expert witness testified appellant was sane and could weigh the consequences of his actions. He found appellant was able to appreciate right from wrong during the commission of the crime and was able to conform his conduct to the requirements of the law. He found no evidence of psychosis. The witness did say that these were not actions weighed in a conscious and calculating manner, but this does not preclude a finding of premeditation. He went on to say appellant was extremely upset, but that does not mean he cannot think and act deliberately and with accountability. In addition to the expert testimony, there are many instances in the record of appellant's expressed desire and plan to harm both victims. We cannot say the evidence was insufficient to support the conviction.

We have examined all other objections made during the trial pursuant to Rule 11(f), Rules of the Supreme Court, Ark. Stat. Ann. Vol. 3 (Repl. 1977) and find no error. See *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981).

The judgment is affirmed.