Richard Wayne SNELL *v.* STATE of Arkansas

CR 85-109                              698 S.W.2d 289

Supreme Court of Arkansas
Opinion delivered November 4, 1985

*Darrell Brown & Associates*, by: *John W. May, II*; and *Hawkins & Metzger*, by: *Jay P. Metzger*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The appellant, Richard Wayne Snell, was convicted of murdering Arkansas State Trooper Louis Bryant and sentenced to life imprisonment without parole. Snell has raised these three points on appeal: (1) a "death qualified" jury is unconstitutional; (2) a challenge to a juror for cause should have been sustained; and (3) an objection to the introduction of evidence of weapons in Snell's possession but which he did not use in the commission of the offense should have been sustained. We find no reversible error in the proceedings, and thus we affirm.

## 1. Death Qualified Jury

■ Snell contends that, because several jurors were dismissed due to their scruples against the death penalty, he was denied a fair trial, citing *Grigsby* v. *Mabry*, 758 F.2d 226 (1985). He is aware of our rejection of that theory and of our rejection of the holding in *Grigsby* v. *Mabry, supra*, in *Hall* v. *State*, 286 Ark. 52, 689 S.W.2d 524 (1985), and in *Rector* v. *State*, 280 Ark. 385, 659 S.W.2d 168 (1983), but he invites us to reconsider our decisions. We decline to do so. We rejected a similar invitation in *Harmon* v. *State*, 286 Ark. 184, 690 S.W.2d 125 (1985).

## 2. The Challenged Juror

Upon voir dire, a prospective juror said she had formed an opinion that Snell was guilty, having seen newspaper and television accounts of the crime. She was rehabilitated somewhat by the prosecutor, but defense counsel persisted in moving that she be excused for cause. Ultimately the judge denied the motion because the prospective juror said "yes" when asked if she could follow his instructions. She was excused when the defense exercised its peremptory challenge. Having used all its peremptory challenges, the defense asked to be given more peremptory challenges. The court refused, but dismissed for cause every juror thereafter challenged by the defense.

■ While we have serious doubts about whether the juror

in question was sufficiently rehabilitated or could have been sufficiently rehabilitated to escape a challenge for cause, we need not decide that issue. The appellant has not demonstrated that any juror who should have been excused sat in the case. We will not reverse on this point unless the appellant demonstrated that he was forced to accept a juror against his wishes. *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 285 (1982); *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980).

### 3. The Weapons Cache

The evidence showed that the weapon used by Snell to kill Bryant was a .45 caliber pistol. Persons who arrived on the scene at De Queen, Arkansas, shortly after Bryant was shot observed Snell pulling away in his van towing a trailer. When he was stopped, shortly thereafter, by police officers in Oklahoma, Snell had a .45 caliber pistol stuck in his waistband, and he fired at the apprehending officers with a "mini 14," an automatic weapon. A ballistics expert testified that the .45 caliber pistol found in Snell's possession when he was arrested was the one which fired the bullet that killed Bryant. After the gun battle which preceded his arrest and after having been given a self-incrimination warning, Snell told a deputy sheriff that while he had not intended to harm those Oklahoma officers who arrested him, he had intended to "shoot that officer" in De Queen.

At the trial numerous weapons, which were found in Snell's van at the scene of his apprehension, were introduced into evidence. They included a fully automatic mini-14 rifle with silencer, three hand grenades, three pistols with silencers, one of which was a machine pistol, or automatic weapon. Much testimony was admitted about these weapons, their characteristics, and how they operated although only two were known to have been used by Snell on the day he killed Bryant. The appellant contends the prosecution's only purpose in introducing the other weapons was to show the appellant to be a bad person and thus to prejudice the jury.

The appellant cites Unif. R. of Evid. 403 which says, in part, that relevant evidence may be excluded if it is ". . . substantially outweighed by the danger of unfair prejudice . . ." He also cites *U.S.* v. *Warledo*, 557 F.2d 721 (10th Cir. 1977), in which it was held that automatic weapons found in the appellant's possession,

which had nothing to do with the crime charged, should not have been admitted. *See also Cabbiness* v. *State*, 241 Ark. 898, 410 S.W.2d 867 (1967); *Rush* v. *State*, 238 Ark. 149, 379 S.W.2d 29 (1964).

■ The arsenal of weapons, which included hand grenades and automatic weapons with silencers, was relevant evidence of the element of premeditation and deliberation on the part of the appellant in the murder of an Arkansas state policeman and should have been admitted at trial. In *Swindler* v. *State*, 267 Ark. 418, 592 S.W.2d 91 (1979), and *Swindler* v. *State*, 264 Ark. 107, 569 S.W.2d 120 (1978), we approved the introduction of evidence that Swindler had three loaded pistols, a rifle and considerable ammunition in his vehicle when he killed a police officer. Swindler was an ex-convict and wanted for murder.

■ Snell told an attending physician he was a courier for a group, and since he was listed for "three minor felonies in Texas, he was to be considered armed and dangerous." He had told an Oklahoma deputy sheriff that he meant to kill that man in De Queen. The loaded weapons were certainly evidence of an intent to use them if necessary.

■ Under Ark. Stat. Ann. § 43-2725 (Repl. 1977), as put into effect by our Rule 11 (f), we consider all objections brought to our attention in the abstracts and briefs in appeals from a sentence of life imprisonment or death. In this case we find no prejudicial error in the points argued or in the other objections abstracted for review.

Affirmed.

PURTLE, J., not participating.