Daniel D. PARKS a/k/a Danny D. Parks *v.* STATE of Arkansas

CA CR 87-228                                        750 S.W.2d 65

Court of Appeals of Arkansas
Division I
Opinion delivered May 25, 1988
[Rehearing denied June 29, 1988.]

*Stephen Bennett*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Daniel Parks was convicted by a jury of theft of leased personal property in violation of Ark. Stat. Ann. § 41-2209 (Repl. 1977 & Supp. 1985) and was fined $7,500.00. On appeal, Parks argues that the trial court erred in refusing to instruct the jury on the affirmative defense provided for in Ark. Stat. Ann. § 41-2209(e) (Repl. 1977). We find no error and affirm.

On October 18, 1985, Parks leased a 1985 Cadillac El Dorado from Brent Tyrell. The one year lease provided for monthly payments of $800.00. Parks made no payment on the lease after 1985 and, in approximately April of 1986, Tyrell swore out a warrant and Parks was arrested. The car was recovered and Tyrell subsequently obtained a civil judgment against Parks.

Parks offered, and the trial judge refused to give, a jury instruction which tracks the language of Ark. Stat. Ann. § 41-2209(e). That statute provides:

> The following factors shall constitute an affirmative defense to prosecution for theft: That the lessee accurately stated his name and address at the time of the rental, that the lessee's failure to return the item at the expiration date of the rental contract was lawful, that the lessee failed to receive the lessor's notice personally and the lessee returned the personal property to the owner or lessor within forty-eight (48) hours of the commencement of prosecution, together with any charges for the overdue period and the value of damages to the personal property, if any.

■ Appellant correctly argues that if there is any evidence to support the giving of his instruction it was error to refuse to do so. *See Hall* v. *State*, 286 Ark. 52, 689 S.W.2d 524 (1985). The converse of the proposition is equally true: there is no error in the refusal to give an instruction where there is no evidence to support the giving of that instruction. *Couch* v. *State*, 274 Ark. 29, 621 S.W.2d 694 (1981).

■ The statute clearly contemplates that all of the listed factors must be present in order to establish an affirmative defense. Here, there was evidence that Parks accurately stated his name and address at the time of the rental and there was some evidence that he failed to receive the lessor's notice personally. The record, however, is entirely devoid of evidence that Parks ever paid to Tyrell "any charges for the overdue period" or "the value of damages to the personal property." Because there was no evidence as to this element of the statutory affirmative defense, the court did not err in refusing to give the requested instruction.

Affirmed.

COOPER and MAYFIELD, JJ., agree.