Kenneth Dale HAMM *v.* STATE of Arkansas

CA CR 88-113                                  764 S.W.2d 456

Court of Appeals of Arkansas
Division II
Opinion delivered January 11, 1989

*Felver A. Rowell, Jr.,* for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was found guilty by a jury of theft of property. He was found to be a habitual offender and sentenced to twenty years in the Arkansas Department of Correction. The appellant argues two points on appeal: that the trial court erred in excluding from evidence a police report from another state, and that the trial court erred in imposing the Habitual Offender Act when that charge was not included in the information. We affirm.

The record reveals that on February 19, 1986, D.H. Pettingill of Morrilton, Arkansas, discovered that his 1985 pickup truck had been stolen from his driveway. The truck was found in South Bend, Indiana, about three weeks later by Officer Douglas Way. Way stopped the truck, which was being driven by Betty Larrison. Ms. Larrison told Way that the appellant had brought the truck with him from Arkansas and that the appellant was at her house, about one-half block away.

Way stated that he arrested the appellant, and after being advised of his *Miranda* rights, the appellant admitted that he and Becky Turner stole the truck from a driveway in Morrilton, Arkansas. He also stated that Ms. Larrison did not know that the truck had been stolen and that he had let her use it to go and see a friend.

After being returned to Arkansas, the appellant was questioned by Ray Coffman, the chief of the Morrilton Police Department. The appellant again admitted that he and Becky Turner had stolen the truck.

At trial, the appellant testified that Dean Bishop had stolen the truck and he did not know of the theft until the day before Ms. Larrison was stopped by the police. The appellant stated that he confessed to stealing the truck to keep Ms. Larrison from being arrested and her children taken to foster homes. According to the appellant, Bishop ran when the police came to the house, and the appellant's confession was the only way he could keep Ms. Larrison from being charged.

During cross-examination of Chief Coffman, the appellant's attorney attempted to introduce into evidence a report from the

South Bend Police. The State objected on the basis that the report was hearsay, and the trial court sustained the State's objection.

The appellant argues that he did not offer the report for the truth of the matter asserted, but to describe an emotional scene. The appellant contends that the report describes the emotional upset of Ms. Larrison and her children at the time Ms. Larrison was stopped and the appellant arrested. The appellant argues that the report is an exception to the hearsay rule under Ark. R. Evid. 803(3), 803(6), and 803(8).

■ The report is not in the record and there was no proffer of the report at trial. The only reference to what is contained in the report is the question asked by the appellant's attorney: "Do not read from the statement, Chief, but tell me if the statement describes an emotional scene at the home with reference to the children?" There must be a proffer of the evidence excluded for us to find error, *Barker* v. *State*, 21 Ark. App. 56, 728 S.W.2d 204 (1987), unless its substance is apparent from the context. Ark. R. Evid. 103(a)(2).

Moreover, even if there was error it was harmless error. In *Hall* v. *State*, 286 Ark. 52, 689 S.W.2d 524 (1985), the Supreme Court said that when evidence is offered to show its effect on the listener and is not offered to prove the truth of the matter asserted, then the evidence is not hearsay and is admissible. However, in *Hall*, the exclusion of the evidence was found to be harmless error because the same evidence was introduced by another witness and was before the jury.

■ In the present case both Officer Way and the appellant testified about the emotional condition of the children. Way stated that they were hysterical and the appellant stated that the two children were crying and screaming and saying that the police were going to put their mom in jail and put them in foster homes. We therefore find that, even if exclusion of the evidence was error, it was harmless in light of the fact that the emotional conditions were testified to, and in light of the overwhelming evidence of guilt. We do not reverse if error is harmless beyond a reasonable doubt. *Russell* v. *State*, 289 Ark. 533, 712 S.W.2d 916 (1986).

The appellant's next argument concerns the trial court's

enhancement of his sentence in accordance with the Habitual Offender Act. The appellant argues that the trial court erred in enhancing his sentence because he was not "charged" with being an habitual offender in the information and that the trial court allowed the information to be modified orally.

■ We do not address the appellant's argument because the appellant did not object to the modification. The appellant objected to the fact that the State was going to proceed on the basis of four prior felonies and in one of the prior convictions it was unclear whether the conviction was for one or two counts. The appellant stated that he did not have sufficient notice of whether the State was going to use one or two counts. We have said many times that an argument for reversal will not be considered in the absence of a clear and timely objection, and the grounds for objection cannot be changed on appeal. *See Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987); *Halfacre* v. *State*, 290 Ark. 312, 718 S.W.2d 945 (1986); *Horn* v. *State*, 282 Ark. 75, 665 S.W.2d 880 (1984); *Tosh* v. *State*, 278 Ark. 377, 646 S.W.2d 6 (1983).

Affirmed.

JENNINGS and CRACRAFT, JJ., agree.