Keith COX-HILSTROM *v.* STATE of Arkansas

CA CR 96-563 948 S.W.2d 409

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered June 25, 1997

[Petition for rehearing denied August 20, 1997.]

*Davis & Cox*, by: *James O. Cox*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Keith Cox-Hilstrom appeals from a jury-trial conviction of theft of leased personal property and theft by deception, for which he was sentenced to concurrent terms of five years and three years, respectively, in the Arkansas Department of Correction. Appellant argues that the court erred in disallowing exculpatory testimony of a defense witness, in refusing appellant's proposed jury instructions on theft of leased personal property, and in failing to direct a verdict on the charge of theft by deception. We affirm in part and reverse and dismiss in part.

On November 10, 1993, appellant leased from Gary Anschutz Superior Car Wash and Quick Lube, a business in Fort Smith, Arkansas. After Anschutz terminated the lease, appellant vacated the premises on March 10, 1994. Anschutz subsequently discovered that tools and equipment were missing and filed a police report which resulted in the charge of theft of leased property.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Durham v. State*, 320 Ark. 689, 899 S.W.2d 470 (1995). Preservation of appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of trial errors. *Byrum v. State*, 318 Ark. 87, 884 S.W.2d 248 (1994). Anschutz had an account with the *Southwest Times Record*, a Fort Smith newspaper. Appellant was charged with theft by deception of more than $200.00 for maintaining an account under Anschutz's account number at the newspaper. Appellant challenges the sufficiency of the evidence to support his conviction of theft by deception and contends the

State failed to prove that he knowingly obtained the property of another by deception. Anschutz testified that the account had a zero balance in November 1993 when appellant leased the business. Billing statements from the newspaper dated from November 1993 to March 1994 reflecting a balance due of $886.99 were introduced into evidence. Appellant's conviction is based on the charges made to the account from November 1993 to March 1994. In denying appellant's motion for directed verdict, the court stated that the November 1993 statement showing a previous balance of $70.25 and a $70.25 credit, leaving a zero balance, should have indicated to appellant that this was an existing account and that appellant, unless he sought to deceive, would have requested a new account when he took over the business rather than charging to Anschutz's account.

Appellant testified that he leased the business in November 1993 and advertised in the newspaper that the business was under new management. The November 1993 statement of the newspaper reflects the charge for the ad, identifying the ad as "now under new mgmt." Newspaper representatives said that they were aware that appellant was now running the business and that the newspaper's statements were addressed to "Superior Car Wash," were sent to the business address, and were received by appellant. There was no evidence that the newspaper submitted the statements to Anschutz or sought payment from Anschutz after November 1993. Curtis Haney, a salesman with the newspaper, sold ads to appellant. He testified that he thought the account belonged to appellant and that he was unaware that it was Anschutz's account.

Theft by deception occurs when a person "knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof." Ark. Code Ann. § 5-36-103(a)(2) (Repl. 1993). A person acts "knowingly" with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result. Ark. Code Ann. § 5-2-202(2) (Repl. 1993). Finally, "deception" means:

(i) Creating or reinforcing a false impression, including false impressions of fact, law, value, or intention or other state of mind that the actor does not believe to be true; or

(ii) Preventing another from acquiring information which would affect his judgment of a transaction; or

(iii) Failing to correct a false impression that the actor knows to be false and that he created or reinforced or that he knows to be influencing another to whom he stands in a fiduciary or confidential relationship; or
* * *

(v) Employing any other scheme to defraud.

Ark. Code Ann. § 5-36-101(3)(A) (Repl. 1993).

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State and will affirm where there is substantial evidence to support the verdict. *Martin v. State*, 328 Ark. 420, 944 S.W.2d 512 (1997). Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture. *McGehee v. State*, 328 Ark. 404, 943 S.W.2d 585 (1997). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or another. *Id.* A review of the record indicates that there is no evidence to support appellant's conviction of theft by deception. There is no evidence that appellant made a misleading or false representation to the newspaper. *Wiley v. State*, 268 Ark. 552, 594 S.W.2d 57 (Ark. App. 1980). The trial court's basis for overruling appellant's motion for directed verdict was the reflection of a previous balance on the November 1993 statement, which the court held should have alerted appellant that he was charging to an existing account and that he should have opened a new account. Appellant testified that he leased the entire business, and there was evidence from which the fact finder could infer that appellant reasonably believed that he also assumed the Superior Car Wash account with the newspaper. Although the lower court found that appellant charged on Anschutz's account, each of the statements is addressed to Superior Car Wash and Anschutz's name is not on the statements.

■ There is insufficient evidence to support the conclusion that appellant "knowingly" sought to deceive the newspaper by creating a false impression or by failing to correct a false impression that he knew to be false. The only evidence that is unfavorable to appellant is that, admittedly, he failed to pay the account during the five-month period. However, there was testimony that the business declined during the winter months and that appellant's check for the February 1994 lease payment was returned for insufficient funds. Appellant testified that he did not pay the amount due because of financial constraints. We believe that the conviction for theft by deception is based on speculation and conjecture and must be reversed.

■ Appellant also argues that the court erred in refusing to allow a defense witness, James Davis, to testify. Davis would have testified that he was with appellant's employee, Roni Ward, at Wal-Mart and that he saw Ward take cash from a money bag belonging to appellant's business to make purchases for her personal use. The State argues that appellant's argument should be rejected due to his failure to make a sufficient proffer. However, we hold counsel's offer of proof as to the witness's anticipated testimony to be sufficient. *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996); Ark. R. Evid. 103(a)(2). The trial court ruled that the testimony was irrelevant and inadmissible because there was no evidence that Ward had stolen money from Anschutz. Appellant contends that, because Ward stole from him, it could be inferred that she was of such character that she would also steal from Anschutz. We believe that the trial court's ruling was correct. Evidence that someone other than the defendant may have committed the crime is inadmissible unless it points directly to the third party's guilt. *Echols, supra.* If it creates no more than an inference or conjecture as to the third party's guilt, it is inadmissible. *Echols, supra; Johnson v. State*, 326 Ark. 430, 934 S.W.2d 179 (1996); *Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993); *Billings v. State*, 53 Ark. App. 219, 921 S.W.2d 607 (1996). The testimony was that only Ward and appellant had keys to the leased premises and that she knew that items had been removed from the premises. However, there was no evidence presented linking Ward to the theft of Anschutz's property. We conclude that the

trial court did not abuse its discretion in excluding the testimony. *Zinger, supra.*

Appellant's next argument concerns the court's instruction to the jury on theft of leased personal property. The State and the appellant both agree that there is not a model instruction for theft of leased property. Appellant argues that the court erred in refusing his proposed jury instruction, which essentially repeats the entire text of Ark. Code Ann. § 5-36-115 (Repl. 1993), concerning theft of leased personal property. The trial court ruled that appellant's instruction had no application to the case or was covered in other instructions. Arkansas Code Annotated § 5-36-115(c) provides that it is prima facie evidence of intent to commit theft when the one who has leased the personal property of another fails to return the property to the owner after receiving notice from the owner that the lease has terminated. Appellant argues that Anschutz did not provide notice, that notice is required, and that the jury should have been instructed with § 5-36-115(c) as to the giving of notice and with subsection (f) which provides for waiver of notice. However, the owner's notice is not an element of the offense of theft of leased personal property. Subsection (c) merely provides a method by which the State may prove a prima facie case of intent to commit theft. The State was not restricted to the method set forth in subsection (c) to prove commission of the offense.

■ ■ The court gave the following jury instruction:

> To sustain the charge of theft of leased personal property the State must prove beyond a reasonable doubt that [appellant] intentionally and fraudulently took or appropriated in any wrongful manner the property of Gary Anschutz, which was leased to [appellant].

The offense of theft of leased personal property is committed when a person shall "intentionally, fraudulently, or by false pretense take, carry, lead, drive away, destroy, sell, secrete, convert, or appropriate in any wrongful manner any personal property which is leased,. . .and thereby fraudulently obtains possession of that personal property." Ark. Code Ann. § 5-36-115(a) (Repl. 1993). In determining if the trial court erred in refusing an instruction in

a criminal case, the test is whether the omission infects the entire trial such that the resulting conviction violates due process. *Hardcastle v. State*, 25 Ark. App. 157, 755 S.W.2d 228 (1988); *Conley v. State*, 270 Ark. 886, 607 S.W.2d 328 (1980). The burden of showing prejudice is much heavier when an instruction is omitted than when an erroneous instruction is given. *Evans v. State*, 287 Ark. 136, 697 S.W.2d 879 (1985). We find no error in the court's instruction.

■ Appellant also argues that the court erred in failing to instruct the jury as to an affirmative defense set forth in Ark. Code Ann. § 5-36-115(e) (Repl. 1993). We have stated that all of the factors listed in subsection (e) must be established in order to prove an affirmative defense. *Parks v. State*, 24 Ark. App. 139, 750 S.W.2d 65 (1988). Appellant did not provide evidence that his failure to return the property was lawful or that he, when demand was made, returned the property. There is no error in refusing to give an instruction where there is no evidence to support the giving of that instruction. *Id.*

Affirmed in part; reversed and dismissed in part.

ROBBINS, C.J., and JENNINGS and ROGERS, JJ., agree.

AREY and BIRD, JJ., dissent.

SAM BIRD, Judge, dissenting. While I agree with the decision of the majority to reverse and dismiss the charge of theft by deception, I respectfully disagree with the majority's opinion to not reverse and remand for a new trial on the remaining charge of theft of leased personal property with proper instructions to the jury to consider the affirmative defense to which the appellant is entitled.

Appellant was charged with theft of leased personal property as defined in Ark. Code Ann. § 5-36-115 (Repl. 1993). In my view, this statute is intended to deal with the evil of people who acquire possession of personal property, such as VCRs, TV sets, furniture, appliances, cars, etc., under short-term leases, with the intention to defraud the lessor. For example, section (a) of § 5-36-115 provides as follows:

> Any person is guilty of theft and subject to the punishments prescribed by § 5-36-103 who shall intentionally, fraudulently,

or by false pretense take, carry, lead, drive away, destroy, sell, secrete, convert, or appropriate in any wrongful manner any personal property which is leased, rented, or entrusted to the person, or reports falsely of his wealth or mercantile credit and thereby fraudulently obtains possession of that personal property.

My view of the purpose of the statute is reenforced by the language of section (c) which provides:

It shall be prima facie evidence of intent to commit theft when one who has leased or rented the personal property of another fails to return or make arrangements acceptable with the lessor to return the personal property to its owner within five (5) days, excluding Saturday, Sunday, or state or federal holidays, after proper notice following the expiration of the lease or rental agreement or presents identification to the lessor or renter thereof which is false, fictitious, or not current with respect to name, address, place of employment, or other appropriate items.

Section (d) of the statute provides that the "proper notice" referred to in section (c) "shall consist of a written demand addressed and mailed by certified or registered mail to the lessee at the address given at the time of making the lease or rental agreement."

In the case at bar, appellant, as lessee, entered into a written contract for a three-year lease of a carwash and lubrication business that carried with it, incidental to the business, certain items of personal property. The items of personal property were supposed to have been described in an exhibit that was supposed to have been attached to the contract. However, the lessor admitted that no inventory was taken and the exhibit was never attached to the contract. As a consequence, there was no way to determine what items of personalty were owned by the lessor and what items had been acquired by the lessee subsequent to his lease of the business. After appellant defaulted under the contract and removed much of the personal property from the leased premises, a question arose as to which items of personal property belonged to the lessor and which items had been acquired by the appellant subsequent to his acquisition of the lease. After a complaint by the lessor to the local police, the prosecuting attorney filed charges against appellant for theft of leased personal property under Ark. Code Ann.

§ 5-36-115. In my view, this factual scenario does not give rise to a prosecution under § 5-36-115.

However, assuming for the sake of argument that § 5-36-115 is applicable to the case at bar, it is clear from the language of the statute that to be guilty of the crime of theft of leased personal property, one must "intentionally, fraudulently, or by false pretense" obtain possession of the leased property, or fail to return it to the owner within five days after "proper notice" following expiration of the lease term. However, the court gave an instruction that merely required the jury to find that appellant "[i]ntentionally and fraudulently took or misappropriated in any wrongful manner the property of Gary Anschutz" in order to sustain the charge. I believe that this was error because there is no evidence in the record to support the court's instruction since appellant clearly did not obtain possession of Mr. Anschutz's carwash and lubrication business, or the personal property therein situated, fraudulently or by false pretense.

The majority holds that it was not erroneous for the trial court to refuse to give an instruction that informed the jury of the owner's obligation to provide notice to the lessee as set forth in § 5-36-115(c) because "the owner's notice is not an element of the offense of theft of leased personal property." The majority has apparently missed the point of appellant's requested instruction. Appellant's requested instruction was not offered for the purpose of informing the jury of the elements of the offense, but was offered to inform the jury about an affirmative defense that was afforded to him under the clear language of § 5-36-115(e), which provides as follows:

(e) The following factors shall constitute an affirmative defense to prosecution for theft:

(1) That the lessee accurately stated his name and address at the time of rental;

(2) That the lessee's failure to return the item at the expiration date of the rental contract was lawful;

(3) *That the lessee failed to receive the lessor's notice* personally unless notice was waived; and

(4) That the lessee returned the personal property to the owner or lessor within forty-eight (48) hours of the commencement

of prosecution, together with any charges for the overdue period and the value of damages to the personal property, if any. (Emphasis added.)

All of the elements necessary to justify an instruction as to this affirmative defense were present in this case. As to the first element, the State did not contend, nor is there any evidence that would support a contention, that appellant did not provide his correct name and address at the time he entered into the agreement to lease Anschutz's business. As to the second element, the only evidence in the record was that the lease agreement did not expire until November 9, 1996, long after appellant was charged. Thus, there is no evidence to support any claim that appellant did not return the items of personal property before the contract expired. As to the third element, it was clear that appellant did not personally receive a "proper notice" following expiration of the lease since it was admitted by Anschutz in his testimony that none was ever sent; and there was no evidence that notice was waived by appellant. As to the fourth element, the record reflects that all the missing property except a chair was returned to its owner on September 7, 1995, within forty-eight hours after the State commenced new charges against appellant by its Amended Information, filed September 5, 1995. The amended information constituted the commencement of a new charge since it increased the charge from a Class C to a Class B felony based upon new allegations that the value of the property allegedly stolen was more than $2,500. *Cf. United States v. Gengo*, 808 F.2d 1 (2d Cir. 1986); *Maytag v. Municipal Court, Santa Barbara*, 133 Cal. App. 3d 828, 184 Cal. Rptr. 365 (1982).

In my view, the record was sufficient to require the court to instruct the jury about the availability of the affirmative defense provided for in the statute, and its failure to do so was error calling for a reversal and remand for new trial on the charge of theft of leased personal property.

I am authorized to state that Judge AREY joins me in this dissenting opinion.